T.C. Summary Opinion 2012-85

UNITED STATES TAX COURT

JEREMY L. WADE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28841-10S.                    Filed August 28, 2012.

Jeremy L. Wade, pro se.

<u>Nhi T. Luu</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2008 Federal income tax of $8,024 and an accuracy-related penalty under section 6662(a) of $1,604.80. The deficiency stems from respondent's partial[2] disallowance of deductions for expenses claimed on Schedule A, Itemized Deductions, and Schedule C, Profit or Loss From Business, of petitioner's 2008 tax return. We consider here whether petitioner has shown that he is entitled to deduct any amounts in excess of those respondent allowed.

## Background

Petitioner resided in the State of Washington at the time his petition was filed. During the 2008 year petitioner was a sales consultant for eyewear (glasses). For the first four months of 2008 petitioner worked as an employee for Marcolin USA selling eyewear to optometrists and to other retail eyewear outlets. For the remainder of 2008 petitioner worked as an independent sales consultant for Aspex Eyewear, Inc., doing essentially the same thing. With respect

---

[2]Respondent denied deductions for substantially all of the expenses in question.

to both jobs, petitioner's travel, meals, and entertainment expenses were not reimbursed by Marcolin or Aspex.

It was petitioner's practice to travel to certain cities and visit existing and potential eyewear clients. Sometimes he was able to return home, and other times he would remain in the location overnight. His sales territory was extensive and included cities in three States, including the one in which he lived. Each day he would record in his log the city to which he had driven. In each of those cities petitioner visited the same existing and potential clients. Petitioner identified the names of the establishments and the people with whom he had discussed the eyewear products. Occasionally, petitioner would take a client or a potential client to lunch or dinner, and for each occasion he identified the name of the person and the nature of the discussions. Occasionally, petitioner also purchased meals for himself when away from home on sales trips.

In addition to his eyewear sales, petitioner was attempting to establish a photography business, and during 2008 he photographed a few weddings and did some promotional photo shoots for musicians. Although he incurred some expenses for his activity, he performed it without charge in an attempt to introduce his photography capability to the public. Petitioner did not incur any travel expenses in connection with this activity, as he used his wife's car.

On his 2008 income tax return petitioner claimed deductions for expenses on a Schedule A and on two Schedules C. On his Schedule A petitioner claimed a deduction for "employee expenses" of $13,344 which were detailed on a Form 2106-EZ, Unreimbursed Employee Business Expenses, attached to the 2008 return. Respondent disallowed the $13,344 deduction in its entirety.

On a Schedule C concerning his photography activity petitioner claimed a deduction for "car and truck expenses" of $3,640, and respondent allowed $39. On a Schedule C concerning his activity as an independent sales consultant, petitioner claimed a deduction for "car and truck expenses" of $14,170, and respondent allowed $925.

During 2008 petitioner sold eyewear for the first four months of the year as an employee and for the last eight months as an independent contractor. He drove 26,000 miles for business during 2008, and the distance traveled was similar each month. Accordingly, he drove 8,667 miles for employee business and 17,333 miles for his independent sales consultant business, none of the expenses for which were reimbursed.

## Discussion[3]

Ordinary and necessary business expenses are deductible from gross income. Sec. 162. Personal, living, or family expenses are not. Sec. 262. Unreimbursed employee business expenses are deductible, subject to threshold limitations, as itemized deductions. Sec. 67. The business expenses of an independent contractor, however, may be deducible from gross income, whereas employee business expenses are deductible from adjusted gross income subject to certain limitations. Id. Certain expenses, such as those for travel, meals, and entertainment, are subject to a higher standard of proof and must be substantiated by adequate records or sufficient evidence corroborating the taxpayer's oral testimony. Sec. 274.

Petitioner is not entitled to deduct the travel expenses connected with his photography activity because he used his wife's automobile and did not bear any of the expense of its operation. Nor did he reimburse her for its use. Accordingly, we hold that petitioner is not entitled to more than the $39 respondent allowed with respect to the $3,640 deduction claimed on his Schedule C involving the photography activity.

---

[3]There is no dispute between the parties concerning who bears the burden of proof. Petitioner must show his entitlement to deduct the expenses he claimed. See Rule 142.

Concerning the expenses he incurred in connection with his sales of eyewear, there is no doubt that petitioner was engaged in the activity as an employee during January through April and that he was an independent sales consultant during May through December 2008. The standards for substantiation are the same, and, accordingly, we consider all of the expenses for which petitioner provided documentation and allocate any amounts allowable on the basis of the date each expense was incurred.

With respect to petitioner's auto expense, he used the standard mileage rate approach for claiming a deduction for travel by car. Petitioner kept records reflecting each city to which he traveled, and he was able to identify that the travel was in pursuit of business activity. We have found that petitioner traveled 8,667 miles as an employee for business travel. For travel before July 1, 2008, the rate of reimbursement was 50.5 cents per mile and, accordingly, petitioner is entitled to $4,376.83 as an itemized deduction on Schedule A. Petitioner drove 17,333 miles as an independent sales consultant for business travel. The reimbursement rate for travel after June 30, 2008, was 58.5 cents per mile and, accordingly, petitioner is entitled to deduct $9,793.14 as a business expense on Schedule C ($2,188.29 for

May and June and $7,604.85 for the remaining six months).  Petitioner is entitled to the $9,793.14 as deduction from gross income.[4]

With respect to expenses other than travel, petitioner provided receipts for several categories of expenses.  The receipts reflect the type of expenditure, the date, the amount, and usually the location.  Petitioner designated some of the receipts as for "gifts", but he did not identify the recipients or the business nature of the gifts.  Accordingly, we hold that the amounts for "gifts" are not allowable as deductions for lack of adequate substantiation.  With respect to meals, where it was possible to identify that the meal took place "away from home" (Seattle area), the cost of the meal was allowed as a deduction and was allocated to either the first four months or last eight months of 2008.  Where petitioner purchased a lunch or a dinner for an identified customer or a potential customer, the expense amount was allowed as a deduction and allocated according to the date of the expenditure.  A deduction for expenses associated with transportation, such as parking, tolls, etc., was allowed where the expense was connected with petitioner's travel.

---

[4]Because respondent allowed $925 of travel expenses on Schedule C with respect to petitioner's service performed as an independent sales consultant, the additional amount allowable would be $8,868.14 ($9,793.14 less $925).  We leave to the parties the responsibility of making the appropriate calculations in a Rule 155 computation in accord with the holding of this opinion.

Finally, a deduction for shipping and office expenses was allowed, and the expenses were allocated by time of expenditure.

On the basis of the Court's analysis of petitioner's documentary and testimonial evidence, the deductible amounts for petitioner's expenditures for 2008 are as follows:

| Expense | Jan.-Apr. | May-Dec. |
|---------|-----------|----------|
| Parking | $28.25 | $39.15 |
| Tolls | -0- | 20.00 |
| Ferry | 37.55 | 52.00 |
| Lodging | -0- | 168.26 |
| Shipping | 39.31 | 50.35 |
| Supplies | 133.58 | 13.17 |
| Meals | 275.21 | 269.51 |
| Total | 513.90 | 612.44 |

Accordingly, with respect to expenses other than travel, petitioner is entitled to an itemized deduction of $513.90 on Schedule A, subject to any limitations imposed, and is entitled to $612.44 of deductions from gross income on Schedule C in connection with his activity as an independent sales consultant.

Respondent determined an accuracy-related penalty under section 6662(a) for petitioner's 2008 tax year. Section 6662(a) and (b)(1) and (2) provides for a 20% penalty on an underpayment of tax due to negligence or disregard of rules or regulations or a substantial understatement of income tax. Petitioner did maintain

records that were sufficient to entitle him to the above-discussed deductions, and we hold that he was not negligent or in disregard of rules or regulations. Petitioner may nevertheless be liable for an accuracy-related penalty if his underpayment was due to a "substantial understatement of income tax". An understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). We are unable to hold that petitioner had an understatement that is "substantial" within the meaning of the statute without a computation of the understatement.

If the parties in their Rule 155 computations find that there is a substantial understatement, then the accuracy-related penalty would apply unless petitioner demonstrates that the underpayment was due to reasonable cause and that he acted in good faith. See Neonatology Assocs., P.A. v. Commissioner, 299 F.3d 221 (3d Cir. 2002), aff'g 115 T.C. 43 (2000). Petitioner has not presented any evidence to support a holding that any underpayment was due to reasonable cause and, if a substantial understatement exists, petitioner is liable for an accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

under Rule 155.